**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 25-4147**

─────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

KRISTI HEATHER KING,

        Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Max O. Cogburn, Jr., District Judge. (3:23-cr-00245-MOC-DCK-1)

─────────────

Submitted: June 25, 2026                    Decided: July 29, 2026

─────────────

Before WILKINSON and RICHARDSON, Circuit Judges, and TRAXLER, Senior Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

**ON BRIEF:** John G. Baker, Federal Public Defender, Joshua B. Carpenter, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Asheville, North Carolina, for Appellant. Russ Ferguson, United States Attorney, Amy E. Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kristi Heather King pleaded guilty, pursuant to a plea agreement, to conspiracy to sex traffic a minor, in violation of 18 U.S.C. § 371.  The district court sentenced King to 42 months' imprisonment and two years of supervised release.  The district court imposed two special conditions of supervised release, which it pronounced at the hearing.  On appeal, King argues that there is a material discrepancy between the district court's oral pronouncement of one of the discretionary supervised release conditions and the written judgment.  For the following reasons, we affirm.

A district court is required to orally pronounce at sentencing all discretionary conditions of supervised release.  *United States v. Rogers*, 961 F.3d 291, 296 (4th Cir. 2020).  This requirement "is a critical part of the defendant's right to be present at sentencing," *id.* at 300 (internal quotation marks omitted), and ensures that the defendant has an opportunity "to avoid the imposition of unwarranted conditions," *id.* at 298.  In addition to a district court's failure to pronounce discretionary conditions of supervised release at sentencing, a reversible *Rogers* error may occur if there is "a material discrepancy between a discretionary condition as pronounced and as detailed in a written judgment." *United States v. Mathis*, 103 F.4th 193, 197 (4th Cir. 2024) (internal quotation marks omitted).  "We review the consistency of an oral sentence and the written judgment de novo, comparing the sentencing transcript with the written judgment to determine whether a *Rogers* error occurred as a matter of law." *United States v. Bullis*, 122 F.4th 107, 112 (4th Cir. 2024) (citation modified).

A sentencing court may satisfy its pronouncement obligation by expressly incorporating a written list of conditions, "such as the recommendations of conditions of release that have been spelled out in the defendant's [presentence report], or those established by a court-wide standing order." *United States v. Smith*, 117 F.4th 584, 604 (4th Cir. 2024), *cert. denied*, 146 S. Ct. 92 (2025). Additionally, "the written judgment does not have to match perfectly with the oral pronouncement," as "not all inconsistencies between the written judgment and what was orally pronounced are reversible error." *Mathis*, 103 F.4th at 197. For example, a discrepancy is not reversible: (1) "when the oral pronouncement is ambiguous" and "the written judgment's different language . . . serve[s] to clarify the sentence"; or (2) "when the government has offered an explanation for the alleged inconsistency" between the oral pronouncement and the written judgment, "to which the defendant has not responded." *Id.* In contrast, a discrepancy in the written judgment is material—and does not simply clarify the oral pronouncement—when the judgment "imposes a new condition by outlining an additional obligation" on the defendant. *Id.* at 198.

At King's sentencing hearing, the district court announced that King must participate in a mental health evaluation and treatment program, follow the rules and regulations of that program, and take all mental health medications as prescribed by a licensed healthcare practitioner. The written judgment matched this condition but also included a sentence directing the probation officer to supervise the treatment in consultation with the treatment provider, including the location, modality, duration, and intensity.

Here, the discrepancy between the oral pronouncement and the written judgment is immaterial. The written judgment did not "impose[] a new condition by outlining an additional obligation" that could not "reasonably be expected to flow from" the oral pronouncement. *Id.* at 197-98 (internal quotation marks omitted). Rather, the written judgment clarified an ambiguity—who would supervise King's treatment—in the oral pronouncement. *Id.* at 197.

Accordingly, we affirm the judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*
